UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME LUCAS,<br><br>                Plaintiff,<br><br>     v.<br><br>SAFEWAY, INC.,<br><br>                Defendant. | CASE NO. C16-5271 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Jerome Lucas's ("Lucas") motion to remand (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 12, 2016, Lucas filed a complaint against Defendant Safeway, Inc. ("Safeway") in Pierce County District Court. Dkt. 1-1 ("Comp."). Lucas claims he is visually impaired and was refused service while at a Safeway store in Tacoma, Washington. *Id.* ¶¶ 3.1, 4.2–4.5. Lucas alleges state law claims for disability discrimination in public accommodation under the Washington Law Against

ORDER - 1

Discrimination ("WLAD") and negligent infliction of emotional distress. *Id.* ¶¶ 1.1, 5.1–5.2. Lucas seeks damages and attorney fees, but his complaint does not specify the amount of damages he seeks. *See generally* Comp.

On April 7, 2016, Safeway received a settlement demand letter from Lucas. Dkt. 18, Declaration of D. Michael Reilly ("Reilly Dec."), Ex. A.[1] In the letter, Lucas asserts that he "believe[s] the jury's total verdict will be substantial," and "[d]amages in this case will be significant." *Id.* at 4. Lucas further states he "is willing to settle his claims, for $75,000." *Id.*

On April 8, 2016, Safeway removed the suit to this Court on the basis of diversity jurisdiction, Dkt. 1, which requires complete diversity between the parties and over $75,000 in controversy, *see* 28 U.S.C. § 1332. In its notice of removal, Safeway asserts that Lucas is a citizen of Washington and Safeway is a citizen of Delaware and California. Dkt. 1 at 2. Safeway further contends the amount in controversy exceeds $75,000. *Id.*

On April 13, 2016, Lucas moved to remand. Dkt. 13. On May 2, 2016, Safeway responded. Dkt. 17. On May 5, 2016, Lucas replied. Dkt. 19.

---

[1] Safeway filed a redacted version of the demand letter with the Court.

ORDER - 2

## II. DISCUSSION

Lucas seeks to remand this case, arguing Safeway has failed to show the amount in controversy exceeds the jurisdictional threshold.[2]  Dkt. 13.  Safeway opposes the motion.  Dkt. 17.

**A.      Amount in Controversy**

Diversity jurisdiction requires that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In cases like this one, "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The amount in controversy includes attorney fees authorized by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Any doubts about the propriety of removal must be resolved in favor of remand.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Safeway argues the amount in controversy exceeds the jurisdictional requirement because Lucas offered to settle his claims for $75,000 and his complaint seeks attorney

---

[2] Lucas does not dispute that there is complete diversity between the parties.  *See* Dkt. 13.

fees under the WLAD. Dkt. 17 at 1. To support this argument, Safeway relies solely on Lucas's demand letter and complaint. *See id.*

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). A plaintiff, however, may argue that "the demand was inflated and not an honest assessment of damages." *Id.*

On the current record, the Court cannot find that Lucas's demand of $75,000 is a reasonable estimate of his claims. At the outset, Lucas's complaint does not include sufficient facts to determine the amount of his alleged damages. *See* Comp. Similarly, the demand letter does not include any explanation as to how Lucas calculated the $75,000 demand. The letter merely states that Lucas "believe[s] the jury's total verdict will be substantial" and "[d]amages in this case will be significant." Reilly Dec., Ex. A at 4. Lucas refers to these statements as "puffery" in his briefing. Dkt. 19 at 4. Other than Lucas's bare request for $75,000, Safeway has not presented evidence demonstrating that his claims are reasonably worth $75,000.

With respect to attorney fees, a prevailing party is entitled to reasonable attorney fees under the WLAD. *See* RCW 49.60.030(2). Safeway, however, has not provided any evidence or argument as to the potential amount of attorney fees in this case. Moreover, Lucas contends his demand for $75,000 was meant to include attorney fees. Dkt. 13 at 4. Indeed, no other fees were requested in the demand letter and there is no language in the letter to suggest that Lucas seeks additional fees. *See* Reilly Dec., Ex. A at 4.

Without more, the Court concludes that Safeway has not met its burden of demonstrating that the amount in controversy more likely than not exceeds $75,000 in this case. The Court therefore grants Lucas's motion to remand.

## B.     Attorney Fees

Having granted Lucas's motion to remand, the Court turns to Lucas's request for attorney fees incurred as a result of removal. Dkt. 13 at 1. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court is unable to conclude that Safeway lacked an objectively reasonable basis for removing this case. The Court denies Lucas's request for attorney fees.

## III. ORDER

Therefore, it is hereby **ORDERED** that Lucas's motion to remand (Dkt. 13) is **GRANTED**. Lucas's request for attorney fees (Dkt. 13) is **DENIED**. This action is **REMANDED** to Pierce County District Court.

Dated this 31st day of May, 2016.

						*[signature]*
						BENJAMIN H. SETTLE
						United States District Judge